DAVE REED, JR., Appellant, *v.* EDWARD B. MARKS and JOSEPH W. STERN, Respondents.

*Contract for the exclusive right to publish and sell songs — right of the composer to an account of the sales — he need not serve a bill of particulars.*

A complaint, charging that the plaintiff, a composer of songs, gave to the defendants the exclusive right to publish and sell such songs upon specified terms of compensation to him; that the defendants had rendered to him false accounts; that they had sold more copies of the songs than they had accounted for, and that the account rendered contained suppressions of the true state of the account with the plaintiff, entitles the plaintiff to a judicial accounting by the defendants, on which the plaintiff may file his objections in the ordinary way and surcharge or falsify the defendants' account.

In such a case it is improper to compel the plaintiff to serve a bill of particulars and to limit his proof to such errors as he may have discovered in the defendants' account.

APPEAL by the plaintiff, Dave Reed, Jr., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 16th day of October, 1900, directing the plaintiff to furnish and serve a bill of particulars.

*William F. S. Hart,* for the appellant.

*David M. Neuberger,* for the respondents.

PER CURIAM:

This is an appeal from an order requiring the plaintiff to serve a bill of particulars, and, in default thereof, limiting his proof upon the trial. There is no foundation laid in any of the papers before us upon which this order can properly be based. The plaintiff was a composer of songs, and he gave to the defendants the exclusive right to publish and sell those songs upon specified terms of compensation to him. He charges in his complaint that the defendants have rendered to him false accounts; that they have sold more copies of the songs than they have accounted for; and there are in the complaint general allegations of fraud in the defendants suppressing the true state of their accounts with the plaintiff, and of fraudulent representations contained in the account rendered; the plaintiff,

therefore, being entitled to a judicial accounting. There is unnecessary circumlocution in the complaint, but the cause of action set forth therein is very clear, namely, the right of the plaintiff to an accounting from the defendants, because of fraudulent suppressions in the accounts they have rendered, and the fraudulent representations (resulting from the rendition of untrue accounts) that they were, in fact, correct accounts. For some reason, not disclosed, the court below has compelled the plaintiff to give a bill of particulars, which is simply making him the accounting party instead of the defendants, and limits his proof to such errors as he may have discovered in the defendants' accounts. On the plaintiff's complaint he is entitled to an accounting. On the hearing he may surcharge or falsify the account and file his objections in the ordinary way. The defendants know whether they have rendered just accounts or not, and it is unnecessary for them to have a bill of particulars in order to put in a proper and sufficient answer. Whether they shall account or not is to be determined by an interlocutory judgment.

The order must be reversed, with ten dollars costs and disbursements, and the motion for a bill of particulars denied, with ten dollars costs.

Present — VAN BRUNT, P. J., RUMSEY, PATTERSON, INGRAHAM and HATCH, JJ.

Order reversed, with ten dollars costs and disbursements, and motion for bill of particulars denied, with ten dollars costs.