(96 App. Div. 268.)

### BELASCO v. KLAW et al.

(Supreme Court, Appellate Division, First Department. July 13, 1904.)

1. BILL OF PARTICULARS—FACTS WITHIN DEFENDANT'S KNOWLEDGE.

A complaint alleged that plaintiff hired defendant to secure for plaintiff's play engagements at theaters, and that defendant, in so doing, received compensation from those with whom the play was booked, recovery of which sums so received was sought. *Held*, that an order for a bill of particulars was error, as the information sought was peculiarly within the knowledge of defendant.

Appeal from Special Term, New York County.

Action by David Belasco against Marc Klaw and another. From an order granting a motion for a bill of particulars, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGH-LIN, PATTERSON, and O'BRIEN, JJ.

Max D. Josephson, for appellant.
Mortimer Fishel, for respondent.

McLAUGHLIN, J.   This action was brought to recover the sum of $50,000, which the plaintiff alleges defendants received for his use and benefit.   The allegations of the complaint are, in substance, that the plaintiff is the author of a play called "The Heart of Maryland," and that in the month of September, 1900, he organized a theatrical company for the purpose of producing the play, and hired the defendants, who are copartners engaged in the theatrical business, and what is more practically known as "booking plays," at an agreed price, which was paid to them, to secure for the plaintiff's company engagements throughout the United States at such times and upon such terms as, in defendants' discretion, seemed best, for the season of 1900; that in the month of December, 1900, the same arrangement was made for the season of 1901; that after said contracts were made the defendants, in pursuance thereof, procured engagements for the plaintiff's company for certain times and upon certain terms, and, in so doing, received compensation from those with whom the said play was booked; that the defendants, in booking said play, contracted with themselves and others who were jointly interested with them for theaters; that the amount which they received aggregated the sum of $50,000, which it is alleged was received for and belongs to the plaintiff, and for which judgment was demanded.   The answer admitted that the defendants were copartners, and, as such, procured engagements for the play mentioned in the complaint, and denied all the other material allegations of the same.   The action being at issue, the defendants moved for a bill of particulars of the plaintiff's claim, which motion was granted, and the plaintiff appeals.

I think the order appealed from should be reversed.   There is no foundation laid in any of the papers set out in this record upon which the order can properly be based.   The information which the defendants seek by the bill of particulars is peculiarly within their own knowledge, and, this being so, they are not entitled to have the plaintiff furnish them with a bill of particulars of it.   Reed v. Marks, 56 App. Div. 272, 67 N. Y. Supp. 735; Heidenreich v. Hirsh, 85 App. Div. 319, 83 N. Y. Supp. 366.   They know whether they have received money for booking the play referred to in the complaint, and, if so, the amount.   They also know whether they have booked said play for the best possible terms, and whether they have contracted with themselves and others jointly interested with them in theaters where said play was booked.   It is perfectly apparent that they have better knowledge of the subject-matter of which the plaintiff complains than he has, and, in order to establish his cause of action, if he has one, he doubtless will resort to their testimony, or to the books and papers kept by them.   A bill of particulars is never ordered when the party asking for it has as much or more knowledge on the subject than his opponent.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.   All concur.